# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN WARFIELD LIVINGS, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION H-20-1837 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2018 state conviction and 26-year sentence for possession of a controlled substance with intent to distribute. Public state court records show that petitioner was convicted and sentenced on June 7, 2018, in Harris County, Texas, and that the conviction was affirmed on appeal on March 12, 2020. Petitioner's petition for discretionary review remains pending in the Texas Court of Criminal Appeals. *See State v. Livings*, PD-0366-20.

A petitioner must fully exhaust state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). This exhaustion requirement is satisfied when the substance of the federal habeas claim is fairly presented to the Texas Court of Criminal Appeals on direct appeal or in state post-conviction proceedings. *Fisher v. State of Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render the available process ineffective. 28 U.S.C. § 2254(b)(1)(B).

A review of public online state court records shows that petitioner has not completed direct appeal of his conviction and has not pursued an application for state habeas relief. Moreover, he does not demonstrate an absence of available state corrective process or circumstances rendering the available process ineffective. Consequently, petitioner did not exhaust his habeas claims through the state courts prior to seeking federal relief with this Court, and his petition must be dismissed.

This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas, on June 5, 2020.

Gray H. Miller
Senior United States District Judge